**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ADALBERTO AGUIRRE AYALA, | No. 13-55966 |
| Plaintiff - Appellant, | D.C. No. 5:12-cv-00570-RNB |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Robert N. Block, Magistrate Judge, Presiding

Submitted August 18, 2014[**]

Before: D.W. Nelson, Leavy, and Thomas, Circuit Judges.

Adalberto Aguirre Ayala appeals the district court's order denying his

motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"). We

have jurisdiction under 28 U.S.C. § 1291. We review the district court's order

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

denying a motion for attorneys' fees under EAJA for an abuse of discretion. *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014).  We affirm.

A court shall award attorneys' fees to a prevailing party other than the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A); *Tobeler*, 749 F.3d at 832.  In order to be substantially justified, the government's position must have a "reasonable basis both in law and fact."  *Tobeler*, 749 F.3d at 832 (quotations omitted).

The district court did not abuse its discretion in concluding that the ALJ's decision, though in error, was substantially justified.  The ALJ reasonably relied on the testimony of a vocational expert in finding that Aguirre could perform other jobs existing in the national economy and was therefore not disabled.  *See Hardisty v. Astrue,* 592 F.3d 1072, 1080 (9th Cir. 2010) (the ALJ's flawed credibility finding was substantially justified because "all of the inferences upon which it rested had substance in the record").

Nor did the district court abuse its discretion in concluding that the Commissioner's litigation position was substantially justified.  Before the district court, the Commissioner fairly conceded that the ALJ erred in finding that Aguirre could perform work as a hand packager and assembler of plastic hospital products.

2

Even so, the Commissioner's position was reasonable and substantially justified on the alternate basis that Aguirre could perform the job of mail clerk. The issue of whether a claimant limited to simple, repetitive tasks can perform a job requiring Reasoning Level 3 has not been addressed by the Ninth Circuit and involves an intercircuit conflict. *Compare Hackett v. Barnhart,* 395 F.3d 1168, 1176 (10th Cir. 2005) (finding apparent conflict between job requiring Reasoning Level 3 and claimant's limitation to simple and routine work), *with Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009) (per curiam) (finding no conflict); *and Renfrow v. Astrue*, 496 F.3d 918, 921 (8th Cir. 2007) (no conflict).

**AFFIRMED.**